UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN MILTON, on behalf of
himself and those similarly situated,

        Plaintiff,

CASE NO.:

vs.

GRIFFIN PARKING AREA
MAINTENANCE, INC., a Florida For
Profit Corporation,

        Defendant.        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN MILTON, by and through the undersigned attorney, sues the Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., a Florida For Profit Corporation, and alleges:

1. Plaintiff, JONATHAN MILTON, and those similarly situated, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, JONATHAN MILTON, and those similarly situated, was an employee who worked at Defendants' property within the last three years in Hillsborough County, Florida.

3. Plaintiff, JONATHAN MILTON, and those similarly situated, worked for Defendant as a daily paid employee making $100.00 per day.

1

4. Plaintiff, JONATHAN MILTON, and those similarly situated, is/was a non-exempt employee entitled to overtime wages for overtime hours worked.

5. Plaintiff, JONATHAN MILTON, and those similarly situated, were employed by Defendant to sweep parking lots and streets, scrub warehouses, and general cleaning maintenance to client properties.

6. Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., is a Florida for profit Corporation that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., is a nationwide company providing cleaning services to customer properties. Cleaning services include; street sweeping, parking lots sweeping, warehouse scrubbing, industrial sweeping, construction sweeping, fugitive dust control, residential sweeping and retail lot maintenance. See www.1800sweeper.com

8. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., earned more than $500,000.00 per year in gross sales.

11. Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., employed approximately in excess of one-hundred (100) employees and paid these employees

plus earned a profit from their business.

12. Therefore, at all material times relevant to this action, Defendant, GRIFFIN PARK AREA MAINTENANCE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13. At all material times relevant to this action, Plaintiff, JONATHAN MILTON, and those similarly situated, is/was individually covered under the FLSA.

### FLSA Violations

14. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff, and those similarly situated, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated, for all overtime hours worked.

15. During his employment with Defendant, Plaintiff, and those similarly situated, was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession and custody of Defendant.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above as though stated fully herein.

19. Plaintiff, and those similarly situated, is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendant, Plaintiff, and those similarly situated, worked overtime hours but was not paid time and one-half compensation for same.

21. Specifically, Plaintiff, and those similarly situated, was paid his regular daily rate for all hours works regardless of how many overtime hours were worked in the workweek.

22. Defendant has failed provide accurate overtime compensation for numerous pay periods.

23. Defendant did not have a good faith basis for their decision not to pay Plaintiff, and those similarly situated, full overtime compensation.

24. In addition, Defendant failed to post the required informational listings for the Plaintiff, and those similarly situated, pursuant to the FLSA.

25. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated, has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated, is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JONATHAN MILTON demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 24 day of May, 2017

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff