UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN MILTON, on behalf
of himself and those similarly situated,

      Plaintiff

v.                          CASE NO. 8:17-CV-01286-MSS-TGW

GRIFFIN PARKING AREA
MAINTENANCE, INC., a Florida for profit
Corporation.

      Defendant.
_____/

## DEFENDANT GRIFFIN PARKING AREA MAINTENANCE, INC'S FIRST ANSWER TO COMPLAINT

NOW COMES Defendant GRIFFIN PARKING AREA MAINTENANCE, INC. by and through the undersigned counsel, hereby submits this First Answer to Complaint, and hereby states as follows:

1. Defendant neither admits nor denies the allegations in paragraph 1 of Plaintiff's Complaint for the reason that the same state conclusions of law for which no answer is required.

2. Defendant neither admits nor denies the allegations in paragraph 2 of Plaintiff's Complaint for the reason that same is vague and ambiguous as to time and as to alleged "those similarly situate." Defendant admits that

Plaintiff was an employee; however, Defendant denies the remainder of the allegations as untrue and/or untrue as stated.

3. Defendant neither admits nor denies the allegations in paragraph 2 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to alleged "those similarly situated," and are otherwise denied as stated.

4. Defendant neither admits nor denies the allegations in paragraph 4 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to "those similarly situated," and are otherwise denied as stated.

5. Defendant neither admits nor denies the allegations in paragraph 5 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to "those similarly situated," and the allegations are otherwise denied as stated.

6. Defendant admits that Defendant is a Florida corporation doing business in Hillsborough County, Florida; however, the remainder of the allegations are denied as calling for conclusions of law for which no answer is required.

7. Defendant admits that Defendant provides intrastate sweeping and related services of parking lots.

8. Defendant admits the allegations in paragraph 8 of Plaintiff's complaint.

9. Defendant neither admits nor denies the allegations in paragraph 9 of Plaintiff's Complaint as the same state conclusions of law.

10. Defendant neither admits nor denies the allegations in paragraph 10 of Plaintiff's Complaint as the same state conclusions of law.

11. Defendant admits the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant neither admits nor denies the allegations in paragraph 12 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time-frame.

13. Defendant neither admits nor denies the allegations in paragraph 13 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time-frame.

14. Defendant neither admits nor denies the allegations in paragraph 14 of Plaintiff's complaint as the same calls for legal conclusions for which no answer is required.

15. Defendant neither admits nor denies the allegations in paragraph 15 of Plaintiff's Complaint for the reason that the same state conclusions of law for which no answer is required.

16. Defendant neither admits nor denies the allegations in paragraph 16 for the reason that the same are vague and ambiguous as to time-frame and as to "those similarly situated," and Defendant neither admits nor denies the remainder of the allegations as calling for legal conclusions.

17. Defendant neither admits nor denies the allegations in paragraph 17 of Plaintiff's complaint for the reason that the same state conclusions of law and/or are vague and ambiguous as to time-frame and as to "those similarly situated."

18. Defendant neither admits nor denies the allegations in paragraph 18 of Plaintiff's Complaint for the reason that the same state conclusions of law for which no answer is required.

19. Defendant neither admits nor denies the allegations in paragraph 19 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame and "those similarly situated."

20. Defendant incorporates by reference answers 1 through 19 above.

21. Defendant neither admits nor denies the allegations in paragraph 21 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

22. Defendant neither admits nor denies the allegations in paragraph 22 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

23. Defendant neither admits nor denies the allegations in paragraph 23 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

24. Defendant neither admits nor denies the allegations in paragraph 24 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

25. Defendant neither admits nor denies the allegations in paragraph 25 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

26. Defendant neither admits nor denies the allegations in paragraph 26 of Plaintiff's Complaint for the reason that the same are vague and ambiguous as to time frame, and as to "those similarly situated."

27. Defendant neither admits nor denies the allegations in paragraph 27 of Plaintiff's Complaint for the reason that the same state conclusions of law for which no answer is required, and for the reason that the same are vague and ambiguous.

28. Defendant neither admits nor denies the allegations in paragraph 27 of Plaintiff's Complaint for the reason that the same state conclusions of law for which no answer is required, and for the reason that the same are vague and ambiguous.

29. Defendant neither admits nor denies the allegations in paragraph 28 of Plaintiff's Complaint for the reason that Defendant is without knowledge sufficient to form a belief as to the truth of the allegations.

WHEREFORE, Defendant requests that this court deny all relief requested by the Plaintiff, dismiss Plaintiff's complaint in whole or in part, and award Defendant its costs and attorney fees so wrongfully sustained herein.

**CERTIFICATE OF SERVICE:** I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail to Plaintiff's attorney mgunter@forthepeople.com and CM/ECF this 22nd day of January, 2018.

/s/Eric O. Husby
Eric O. Husby, Esq. (FBN 893331)
Attorney for Defendant
306 South Boulevard
Tampa, FL 33606
Telephone: (813) 251-3337
Fax: (813) 283-4949
Primary: ehusby@husbylegal.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN MILTON, on behalf
of himself and those similarly situated,

      Plaintiff

v.                                  CASE NO. 8:17-CV-01286-MSS-TGW

GRIFFIN PARKING AREA
MAINTENANCE, INC., a Florida for profit
Corporation.

      Defendant.
_____/

## **DEFENDANT GRIFFIN PARKING AREA MAINTENANCE, INC'S INITIAL AFFIRMATIVE DEFENSES**

Defendant GRIFFIN PARKING AREA MAINTENANCE, INC., by and through the undersigned counsel, hereby submits these initial Affirmative Defenses, without waiving any defenses raised by motion or otherwise, and states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

2. This court lacks jurisdiction over the person and/or the subject matter in the instant action.

3. Plaintiff has sued in the wrong forum or the wrong court.

4. Plaintiff is not entitled to a remedy under the Fair Labor Standards Act.

5. Defendant is not engaged in the sale of goods in interstate commerce.

6. Plaintiff's Complaint makes bare, conclusory allegations concerning coverage under the Fair Labor Standards Act ("FLSA").

7. Plaintiff has failed to allege that he is engaged in interstate commerce as defined by the FLSA, and Plaintiff was not engaged in interstate commerce under the FLSA.

8. Defendant is not an enterprise engaged in interstate commerce.

9. Plaintiff has also failed to sufficiently allege and cannot show the amount and extent of the alleged FLSA violations.

10. Plaintiff makes insufficient factual allegations regarding Defendant having employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. 29 U.S.C. 203(s)(1).

11. Plaintiff has alleged nothing from which the court may glean a "just and reasonable inference" of the amount and extent of Plaintiff's work.

12. Plaintiff has not alleged facts regarding and cannot show coverage under FLSA. *See, e.g., Lindgren v. Spears*, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (holding that FLSA coverage must be alleged because it is element of claim). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Josendis, supra* at 1298; *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted).

13. Plaintiff has not sufficiently alleged that the Defendant has employees engaged in commerce or in the production of goods for commerce. Likewise, Plaintiff has not sufficiently alleged that Defendant has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The sum total of Plaintiff's allegations concerning enterprise coverage are that the Defendant engaged in sweeping

parking lots in Hillsborough County, Florida. That is insufficient to state a claim under the FLSA, 29 U.S.C. § 203(s)(1). Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized facts that do not relate to the coverage issue.

14. Plaintiff was not "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Plaintiff is merely alleging that he is, essentially, sweeping a parking lot in Hillsborough County, Florida. The allegation describes Plaintiff's work, but it does not allege how he believes that work engages him in interstate commerce.

15. Plaintiff failed to allege a *prima facie* case demonstrating that he was inadequately compensated under the FLSA. *See Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (affirming dismissal of complaint for failure to provide evidence of the amount and extent of work).

16. Plaintiff's claims fail to state facts sufficient to constitute a cause of action against Defendants.

17. Plaintiff's claims are barred, or limited, by the applicable statutes of limitations.
18. Defendant at all times acted in good faith and reasonably.
19. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.
20. Plaintiff acted without authorization and without Defendant's knowledge.
21. Plaintiff is not entitled to costs or attorney fees in this action pursuant to Plaintiff's claims.
22. Plaintiff is not entitled to a jury trial.
23. Plaintiff's claims and damages are de minimis, and/or subject to the de minimis rule.
24. Plaintiff and the class or collective Plaintiff claims to represent, the existence of which is expressly denied, have failed to mitigate damages, the presence and/or extent of which are expressly denied.
25. Plaintiff's claims are barred in whole or in part by Plaintiff's own actions.
26. Defendant is entitled to an award of attorney fees and costs herein and demands same.

27. Plaintiff has not acted in good faith and has not brought the instant action in good faith.

28. Set-off.

29. Defendant is not a covered entity under the law.

30. Defenses raised previously by motion to dismiss.

31. Plaintiff cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

32. Plaintiff is an inadequate purported representative of some or all of the alleged group of individuals whom he purports to represent, the existence of which is expressly denied.

33. The types of claims alleged by Plaintiff on behalf of himself and the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which

individual questions predominate and, accordingly, are not appropriate for collective treatment.

34. Some or all of the claims asserted in the Complaint are unsuitable for collective treatment.

35. Some or all of the claims asserted in the Complaint are barred because a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

36. Notice to the alleged group that Plaintiff purports to represent, the existence of which is expressly denied, would be a violation of Defendant's due process rights.

37. With respect to some or all claims brought or allegedly brought by Plaintiff, and/or members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, Defendant affirmatively pleads that, any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

38. The damages claimed by Plaintiff and/or the members of the alleged group which Plaintiff purports to represent, the existence of

which is expressly denied, are barred to the extent they are speculative in nature.

39. The Complaint fails to state a claim for which liquidated damages may be granted.

40. Neither Plaintiff nor members of the alleged group which he purports to represent, the existence of which is expressly denied, may recover some or all of the relief requested in the Complaint because Defendant did not commit any oppressive, willful, wanton, fraudulent or malicious act or Defendant at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

41. All or part of the time for which Plaintiff or the purported class members seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

42. All or part of the time for which Plaintiff or his purported class/collective members seek compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

43. Plaintiff's Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

44. Plaintiff's Complaint is barred, in whole or in part, by payment, accord, and/or satisfaction.

45. Plaintiff and the members of the group they purport to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

46. Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of election of remedies.

47. The certification and trial of this case as a collective action would violate Defendant's rights under the Fifth and Seventh Amendments to the United States Constitution.

48. Plaintiff and/or the collective Plaintiff lacks standing to raise some or all of the claims of the alleged group of persons which they purport to represent, the existence of which is expressly denied.

49. Neither Plaintiff nor any member of the group of persons Plaintiff purports to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the Complaint.

50. Defendant reserves the right to amend these affirmative defenses and add other and further defenses as the same may become known through the course of discovery and otherwise.

WHEREFORE, Defendant requests that this court deny all relief requested by the Plaintiff, dismiss Plaintiff's complaint in whole or in part, and award Defendant its costs and attorney fees so wrongfully sustained herein.

**CERTIFICATE OF SERVICE:** I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail to Plaintiff's attorney mgunter@forthepeople.com and via CM/ECF filing system this 22nd day of January, 2018.

/s/Eric O. Husby
Eric O. Husby, Esq. (FBN 893331)
Attorney for Defendant
306 South Boulevard
Tampa, FL 33606
Telephone: (813) 251-3337
Fax: (813) 283-4949
Primary: ehusby@husbylegal.com